```
UNITED STATES DISTRICT COURT          FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| RAFAEL M. PANTOJA,<br><br>                             Plaintiff,<br><br>           - versus -<br><br>NEW YORK STATE DIVISION AND<br>BOARD OF PAROLE,<br><br>                            Defendant. | MEMORANDUM<br>AND ORDER<br>11-CV-3629 |

A P P E A R A N C E S

    RAFAEL M. PANTOJA
        Metropolitan Detention Center Brooklyn
        P.O. Box 329002
        Brooklyn, New York 11232
        *Pro Se Plaintiff*

    ERIC T. SCHNEIDERMAN
        New York Attorney General
        120 Broadway
        New York, New York 10271
    By:   Lisa Ellen Fleischmann
        Donald Nowve
        *Attorney for Defendant*

JOHN GLEESON, United States District Judge:

        Rafael Pantoja brings this *pro se* action against the New York State Department of Corrections and Community Supervision ("DOCCS"), sued herein as the New York State Division and Board of Parole. His amended complaint, liberally construed, raises claims under 42 U.S.C. § 1983 and 28 U.S.C. §§ 2241 and 2254. For the reasons stated herein, I dismiss the amended complaint, except to the extent it constitutes a collateral attack under § 2254 on Pantoja's underlying conviction, and to that extent only the case is transferred to the U.S. District Court for the Southern District of New York.

BACKGROUND

After entering a plea of guilty to Grand Larceny in the First and Second Degrees in the County Court of the State of New York for the County of Westchester, Pantoja was sentenced to four and a half to nine years of incarceration on March 14, 2008. On direct appeal, Pantoja's counsel submitted a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), asserting that no nonfrivolous issues could be raised. Meanwhile, on April 1, 2008 Pantoja was indicted in this district, and he subsequently pled guilty to conspiring to commit bank fraud. He is currently awaiting sentencing before Judge Brian M. Cogan.

On February 8, 2011 Pantoja appeared for an interview before the New York State Parole Board (the "Board") to request release on parole. The Board denied his request in a Release Decision Notice dated February 9, 2011.[1] Pantoja remains incarcerated, currently in the Metropolitan Detention Center in Brooklyn.

On June 15, 2011, Pantoja filed a complaint in this case, styled as a suit under the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, seeking a declaration that his parole

---

[1] The Release Decision Notice states:

PAROLE IS DENIED FOR THE FOLLOWING REASONS: AFTER A CAREFUL REVIEW OF YOUR RECORD AND [YOUR FEBRUARY 8, 2011] INTERVIEW, IT IS THE DETERMINATION OF THIS PANEL THAT IF RELEASED AT THIS TIME THERE IS A REASONABLE PROBABILITY THAT YOU WOULD NOT LIVE AND REMAIN AT LIBERTY WITHOUT VIOLATING THE LAW AND YOUR RELEASE AT THIS TIME IS INCOMPATIBLE WITH THE WELFARE AND SAFETY OF THE COMMUNITY. THIS DECISION IS BASED ON THE FOLLOWING FACTORS: YOUR INSTANT OFFENSES ARE: GRAND LARCENY 1ST AND 2ND DEGREE FOR WHICH YOU ARE SERVING CONCURRENT SENTENCES OF 4-1/2 TO 9 YEARS. YOUR CRIMES OCCURRED ON AN ONGOING BASIS AND INVOLVED NUMEROUS VICTIMS. THESE CRIMES WERE A CONTINUATION OF A CRIMINAL HISTORY THAT DATES BACK TO THE 1990'S AND INCLUDES A PRIOR THEFT OFFENSE AS WELL AS AN ATTEMPTED ASSAULT. THIS IS YOUR SECOND TIME IN STATE PRISON. YOU WERE UNDETERRED BY PRIOR COURT INTERVENTION AND YOU HAVE VIOLATED PAROLE IN THE PAST. THE BOARD NOTES YOUR LETTER TO THE PAROLE BOARD AND YOUR PRIOR OUT TO COURT STATUS. ALL FACTORS CONSIDERED, YOUR RELEASE AT THIS TIME IS NOT WARRANTED. Am. Compl. Ex. F.

proceedings were unlawful. Without requesting or receiving leave to amend his complaint, on September 21, 2011 Pantoja filed an amended complaint in which he raised the same claims for declaratory relief and also petitioned for habeas corpus relief under 28 U.S.C. § 2254.

With respect to his claims for declaratory relief, Pantoja alleges that the Board acted unlawfully when it denied him parole because the Board refused to consider Pantoja's unique circumstances, inappropriately weighed the statutory factors under New York Executive Law § 259-i(2)(c)(A) and Title 9 of the Codes, Rules and Regulations of the State of New York § 8002.3(a)(3), acted arbitrarily and capriciously, violated a plea agreement he had with the government in his pending federal case (a copy of which has not been provided to the Court) and failed to mention the agreement in its written parole determination, failed to consider that he had only spent two months of his state sentence in state custody and would return to federal custody if granted parole, and made its decision without a three-member quorum present.

Pantoja attacks his underlying conviction by charging that the government inappropriately "switched" the identity of the "victim" of his alleged crimes. The nature of this challenge is not clear to me, but Pantoja explained at oral argument that he has advanced the argument to some extent in two post-conviction challenges in state court and may pursue a third such effort in order to fully exhaust his claims.

On October 19, 2011 DOCCS filed a letter suggesting that the Court dismiss the action *sua sponte*. The Court declined to do so, and DOCCS now moves to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

DISCUSSION

A.   *Claims Under the Declaratory Judgment Act*

As described above, Pantoja styles several of his claims as claims under the DJA. However, it is well established that the DJA does not expand the subject matter jurisdiction of the federal courts. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950); *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1110 (2d Cir. 1997). Thus the DJA standing alone provides no cause of action or source of jurisdiction upon which Pantoja may rely.[2]

In light of our obligation to liberally read *pro se* complaints, *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999), I may construe Pantoja's amended complaint to raise claims under 42 U.S.C § 1983 and invoke federal question jurisdiction pursuant to 28 U.S.C. § 1331. Alternatively, in light of the principle that § 1983 claims that "challenge 'the fact or duration of . . . confinement'" are unavailable and must instead be asserted in a habeas petition, *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)), I may construe Pantoja's DJA action as a petition for habeas relief under 28 U.S.C. § 2241(c)(3).

Regardless of how I construe Pantoja's DJA claims, it is clear that they must be dismissed because they allege no violation of federal law. *See Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) ("[T]he § 1983 remedy broadly encompasses violations of federal statutory as well as constitutional law."); § 2241(c)(3) (making habeas writ available if prisoner is "in custody in violation of the Constitution or laws or treaties of the United States"). That the Board may have come to the wrong conclusion regarding Pantoja's parole by, *inter alia*, misapplying the relevant state law factors, acting arbitrarily and capriciously, and ignoring his plea agreement with the federal government simply does not amount to a violation of federal law, even if it might raise an

---

[2] Pantoja's amended complaint appears to suggest that the New York State Administrative Procedures Act provides the claim upon which he seeks declaratory relief. Am. Compl. ¶ 9. However, in the absence of diversity jurisdiction, which Pantoja does not allege, federal courts lack subject matter jurisdiction to hear New York state law claims.

4

issue under state law. The closest Pantoja comes to alleging a federal violation is upon a theory that the Board's behavior deprived him of his constitutional due process rights. However, the Second Circuit has held that New York's statutory parole provisions create no entitlement to or expectation of parole release. *Barna v. Travis*, 239 F.3d 169, 171 (2d Cir. 2001). "Accordingly, prisoners have no liberty interest in parole [release], and the protections of the Due Process Clause are inapplicable." *Id.* Pantoja's DJA claims are therefore dismissed.

B.   *Petition for Habeas Corpus Under § 2254*

Pantoja also petitions for habeas corpus relief pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his underlying conviction. Although I conclude that venue properly lies in the Eastern District of New York, where Pantoja is being held in custody, I exercise my discretion and transfer his petition to the Southern District of New York in the furtherance of justice. *See* § 2241(d) ("Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him . . . . The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.").

## CONCLUSION

For the reasons provided, Pantoja's claims are dismissed except to the extent that he seeks relief under § 2254 from his 2008 conviction in County Court in Westchester. His claim or claims under § 2254 are transferred to the U.S. District Court for the Southern District of New York.

So ordered.

John Gleeson, U.S.D.J.

Dated: December 21, 2011
      Brooklyn, New York